UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v

DARELLEE DOMINIQUE GORDON,

    Defendant.
_____/

Case No. 1:10-cr-129

HON. JANET T. NEFF

**OPINION AND ORDER**

Pending before the Court are defendant's Motions to Suppress (Dkts 18 & 22). To effectuate and explicate its oral rulings of August 18, 2010, made both in open court and in chambers, the Court issues this Opinion and Order.

Defendant is charged in a May 6, 2010 Indictment with Felon in Possession of a Firearm (Count I) and Possession of an Unregistered Firearm (Count II). On May 25, 2010, defendant filed a Motion to Suppress, seeking to suppress the firearm giving rise to Count I, a semi-automatic pistol that defendant argued was seized from a vehicle by Battle Creek police officers during a traffic stop that does not withstand constitutional scrutiny and as a result of a search, the length and scope of which exceeded what was necessary under the circumstances (Dkt 18). On June 16, 2010, defendant filed a Second Motion to Suppress, seeking to suppress the evidence giving rise to Count II, a sawed-off shotgun that defendant argued was seized during a warrantless, non-consensual search of the apartment where he resided (Dkt 22).

The government filed a response in opposition to the first motion, arguing that the traffic stop was constitutionally valid where the officer making the stop had (1) reasonable suspicion of ongoing criminal activity, and (2) probable cause to believe that the driver of the vehicle in which defendant was a passenger had violated MICH. COMP. LAWS § 257.648 by pulling away from the curb without using her turn signal (Dkt 24). On August 3, 2010, the government supplemented its response to argue that even if no traffic law was actually violated, the stop was nonetheless constitutionally valid if the officer was reasonable in his belief that "the vehicle's motion constituted a traffic violation" (Dkt 30). The government also filed a response in opposition to defendant's Second Motion to Suppress, arguing that defendant had no reasonable expectation of privacy in the apartment (Dkt 33).

The Court noticed an evidentiary hearing for August 18, 2010. On August 18, 2010, before the hearing, the government filed its August 17, 2010 Motion to Seal, seeking to seal its Request for an Ex Parte In Camera Hearing for *Giglio*[1] Determinations (Dkt 39). This Court granted the Motion to Seal and entered a Protective Order to ensure that the information at issue was protected from disclosure outside this litigation (Dkts 40-41). *See* FED. R. CRIM. PRO. 16(d)(1).

The Court granted the government's request to review the information in camera but denied the government's request to discuss the *Giglio* matter ex parte. With defendant waiving any right he had to be present, FED. R. CRIM. P. 43, the Court met with counsel in chambers to discuss the *Giglio* determinations. At that time, the government was unable to supply the Court with a complete explanation for the timing of its production of the information. Relying on *United States v. Bagley,* 473 U.S. 667, 674-78 (1985), the Court determined that the entirety of the information produced by the government was material inasmuch as the defense might use the evidence during cross-

---

[1] *Giglio v. United States,* 405 U.S. 150 (1972).

examination of the government's witness to impeach the witness' credibility or to demonstrate the witness' personal stake in the outcome of the criminal prosecution. Although the government initially requested redaction of some of the information, the government conceded that the Court's materiality ruling compelled the government's disclosure of the entire document, not merely redacted portions.

Upon return to open court, defendant orally moved to withdraw his Second Motion to Suppress, and the Court granted his oral motion from the bench. The Court thereafter heard testimony from Battle Creek Police Officer Andrew Olsen and Battle Creek Police Sergeant Jeffery Case on defendant's first Motion to Suppress. The Court granted the motion from the bench because the traffic stop was unreasonable under the Fourth Amendment.

The Court was not persuaded that Officer Olsen's testimony supported the conclusion that he was aware of specific and articulable facts that gave rise to reasonable suspicion that the vehicle's occupants were involved in a completed felony or ongoing criminal activity. *See Feathers v. Aey,* 319 F.3d 843, 849 (6th Cir. 2003) (when an anonymous tip is neither supported with indicia of reliability nor corroborated with police observation, it cannot provide an officer reasonable suspicion for a *Terry* stop) (citing *Florida v. J.L.,* 529 U.S. 266, 271 (2000)).

The testimony of Officer Olsen also did not credibly support the conclusion that, at the time of the stop, the officer had probable cause to believe that the motorist violated the statute cited by the government before the Court. Rather, based on what this particular officer knew and did at the time of the traffic stop, he made the stop without requisite probable cause and solely on the basis of pretext, to wit, his unsubstantiated belief of ongoing criminal activity. *See Whren v. United States,* 517 U.S. 806, 810 (1996); *United States v. Ferguson,* 8 F.3d 385, 391-92 (6th Cir. 1993) (en

banc). If an officer does not have probable cause to believe a violation had occurred, but only discovers *after the stop* that the suspect might have committed a traffic violation, then a court may not find that probable cause existed. *United States v. Hughes,* 606 F.3d 311, 316-17 (6th Cir. 2010) (emphasis added).

Therefore,

**IT IS HEREBY ORDERED**, consistent with the reasons stated on the record and in this Opinion and Order, that defendant's Motion to Suppress (Dkt 18) is GRANTED.

**IT IS FURTHER ORDERED**, pursuant to defendant's oral Motion to Withdraw, that the Second Motion to Suppress (Dkt 22) is WITHDRAWN.

**IT IS FURTHER ORDERED** that the government shall, within 14 days of entry of this Opinion and Order, make a written filing supplying an explanation for the timing of its production of the *Giglio* information.

Date: August 19, 2010 /s/ Janet T. Neff
JANET T. NEFF
United States District Judge